## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02000-PAB-MEH

DONALD B. WINGERTER, JR., an individual, and
GREENHORN RANCH LLC, a Colorado limited liability company,

      Plaintiffs,

v.

ALLISON H. GERBER, an individual,

      Defendant/Third-Party Plaintiff,

v.

BODYSELECT LLC, a Colorado limited liability company,

      Third-Party Defendant.

---

## PROTECTIVE ORDER

---

      This matter comes before the Court on the Stipulated Motion for Protective Order of plaintiffs Donald Wingerter and Greenhorn Ranch LLC, and defendant Allison Gerber. After review of the motion, and being fully advised in the premises, the Court Finds that a Protective Order is appropriate for the protection of Confidential Information (as hereinafter defined), and further FINDS and ORDERS as follows:

      1.     In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in paragraph 2 below). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of

the Parties' business or privacy interests.  The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2.      "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - and designated by one of the Parties in the manner provided in paragraph 3 below as containing:  confidential and proprietary business information, trade secrets or personal financial information.

3.      Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

> a.      By imprinting the word "Confidential" on the first page or cover of any document produced;
>
> b.      By imprinting the word "Confidential" next to or above any response to any interrogatory or request for admission; or
>
> c.      With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

4.      Except as expressly provided below, the Parties and their counsel shall not disclose Confidential Information to anyone and shall use such information only for the purpose of this litigation and not for any business or other purpose whatsoever.  For purposes of this litigation only, Confidential Information may be disclosed under the conditions identified below:

> a.      To personnel who are directly employed or contracted by counsel of record for either party, including without limitation copying services and

data basing companies, provided that they maintain the confidentiality of the Confidential Information and that counsel of record shall be responsible for their assuring their compliance with this Protective Order;

b.      To experts or consultants provided such experts or consultants are first provided with a copy of this Protective Order and execute Exhibit A hereto;

c.      To witnesses, but only to the extent reasonably necessary for development of the witness's testimony; any witness to whom Confidential Information is disclosed shall be advised of the existence and provided a copy of this Protective Order and shall be subject to its terms, whether or not that witness has signed the affidavit attached as Exhibit A; witnesses to whom Confidential Information is shown pursuant to this paragraph 4(c) shall not retain a copy of such Confidential Information;

d.      To the court and its staff, but subject to the requirements of this Protective Order for filing Confidential Material under seal; and

e.      To privately engaged stenographic reporters or videographers engaged for this litigation.

5.      Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

6.      The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such

Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

7.      During the pendency of this action, opposing counsel may upon court order or agreement of the Parties inspect the list maintained by counsel pursuant to paragraph 6 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure.  If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

8.      No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation or by or on behalf of expert witnesses in this litigation who have signed an affidavit in the form of Exhibit A and such copies shall be made and used solely for purposes of this litigation.

9.      During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 8 above.

10.     A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential

under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

11.    Use of Confidential Information in Court Proceedings.

In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the Parties through such use.  Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under seal.  Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.3 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978) (applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985), and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

12.    The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order.

13.    By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

14.     Except as expressly provided below, upon termination of this litigation, including any appeals, each Party, through its counsel, shall immediately return to the producing party or destroy all Confidential Information subject to this Protective Order, including without limitation all extracts or copies of Confidential Information.  Each party shall retain a copy of the Confidential Information produced in this case by such party for a period of three (3) years following the termination of this litigation.  Counsel of record for the parties in this proceeding shall be permitted to retain a copy of any Confidential Information filed with the court or made part of any deposition or trial testimony in this matter, and as counsel otherwise determines is reasonably required to comply with its professional responsibility obligations.

15.     Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

Dated at Denver, Colorado, this 11th day of January, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

**EXHIBIT A**

## AFFIDAVIT

STATE OF COLORADO      )
                                     )    ss.
COUNTY OF _____ )

_____, swears or affirms and states under penalty of perjury:

1.       I have read the Protective Order in *, a copy of which is attached to this Affidavit.

2.       I have been informed by *, Esq., counsel for *, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

3.       I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order.  I will not use the Confidential Information for any purpose other than this litigation.

4.       For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5.       I will abide by the terms of the Protective Order.

(Signature)

(Print or Type Name)

Address:

Telephone No.: (___)

SUBSCRIBED AND SWORN to before me this * day of *, 2010, by _____.

WITNESS my hand and official seal.

[S E A L]                             Notary Public
                                                 My Commission Expires