IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No.  09-cv-02000-PAB-MEH

DONALD B. WINGERTER, JR., an individual, and
GREENHORN RANCH LLC, a Colorado limited liability company,

      Plaintiffs,

v.

ALLISON H. GERBER,

      Defendant,

v.

BODYSELECT LLC, a Colorado limited liability company,

      Third-Party Defendant.

_____

**ORDER**
_____

      This matter is before the Court on defendant Alison H. Gerber's motion to

dismiss a counterclaim by plaintiff Donald B. Wingerter, Jr. [Docket No. 35] and motion

to dismiss a counterclaim by third-party defendant BodySelect LLC ("BodySelect")

[Docket No. 38], both filed pursuant to Federal Rule of Civil Procedure 12(b)(6).  The

motions are fully briefed and ripe for disposition.

## I.  BACKGROUND

      Plaintiff Donald B. Wingerter, Jr., is the only member of plaintiff Greenhorn

Ranch LLC ("Greenhorn Ranch"), is the chief executive officer and Manager of

BodySelect LLC ("BodySelect"), and is a shareholder and the former chief executive

officer of Sound Surgical Technologies LLC ("Sound Surgical"). Plaintiffs allege that, on August 22, 2007, defendant Allison H. Gerber agreed to lend one million dollars to BodySelect, with 8.5% interest per year on the unpaid principal balance, pursuant to a promissory note and subscription agreement. Gerber had the right to convert any unpaid balance into membership shares in BodySelect. The promissory note came due on August 21, 2009. Gerber loaned BodySelect an additional $250,000.00 pursuant to an April 10, 2008 promissory note under the same terms as the August 22, 2007 note. The April 20, 2008 note came due on April 10, 2010.

On September 25, 2008, Wingerter personally guaranteed BodySelect's debts to Gerber and pledged Sound Surgical common and preferred stock as security for his guarantee. Moreover, Greenhorn Ranch also guaranteed BodySelect's debts to Gerber, secured by a Deed of Trust to real property owned by Greenhorn Ranch. Plaintiffs, however, contend that no consideration supported these promises to Gerber.

BodySelect was not in a position to pay on the August 22, 2007 note when it came due. Plaintiffs filed the present declaratory judgment action on August 21, 2009 [Docket No. 1]. The complaint seeks declarations by the Court that the plaintiffs' guarantees are unenforceable because of a lack of consideration. Gerber filed her answer, counterclaims, and third party complaint on September 24, 2009 [Docket No. 7], bringing counterclaims against Wingerter and Greenhorn Ranch and third party claims against BodySelect. Specifically, Gerber asserted six claims for relief: (1) fraud (against Wingerter and BodySelect); (2) civil theft (against Wingerter and BodySelect); (3) breach of contract (against BodySelect); (4) breach of contract (against Wingerter and Greenhorn Ranch); (5) promissory estoppel (against Wingerter and Greenhorn

Ranch); and (6) alter ego (against Greenhorn Ranch). Included within these claims are allegations that Wingerter defrauded Gerber into loaning BodySelect the $1.25 million and that Wingerter guaranteed the debts only after Gerber's counsel threatened to file a lawsuit. Gerber contends that, because plaintiffs guaranteed the debts to BodySelect, she delayed filing that suit. She also claims that, in exchange for the guarantees, she gave up her right to convert the debts into equity in BodySelect.

On January 7, 2010, Wingerter filed against Gerber what he called a "crossclaim" – though it is actually a counterclaim filed in response to Gerber's counterclaims [Docket No. 31]. BodySelect brought the same claim against Gerber on January 12, 2010 [Docket No. 34]. These two claims are the subject of Gerber's motions to dismiss pursuant to Rule 12(b)(6). Therefore, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quotation marks and citation omitted). The counterclaim allegations include the following:

> Gerber made identical representations and warranties. Gerber's representations and warranties in the subscription agreements included: (i) confirmation of her ability to bear the economic risk of losing her investment; (ii) confirmation of the opportunity to request information from BodySelect and that any such information had been received; (iii) confirmation of her understanding regarding the risks of her proposed transaction and experience and ability to evaluate them; and (iv) confirmation that Gerber conferred with her own counsel and advisers before entering into the transaction.

Docket No. 31 at 22-23, ¶ 4; *see* Docket No. 31 at 23, ¶ 5 ("Gerber further represented in writing to BodySelect that she was not relying on the advice of any representative of BodySelect in making any investment decision with regard to the transaction entered

into with BodySelect."); Docket No. 31 at 23, ¶ 6 ("In addition, Gerber represented herself to be a sophisticated and wealthy investor such that she qualified as an accredited investor."). Furthermore, by executing the subscription agreements, Gerber agreed to the following indemnification provision:

> I understand the meaning and legal consequences of the representations and warranties contained in paragraph 3, above; that the Company is relying on the accuracy of those representations and warranties; and that I would not be permitted to purchase the Note if the Company knew that any representation or warranty was materially false. Accordingly, I hereby agree to indemnify and hold harmless the Company and its members, managers, officers, and agents from and against any and all loss, damage or liability due to or arising out of a breach of any representation or warranty I have made in this Agreement.

Docket No. 48-3 at 8, ¶ 5; Docket No. 48-4 at 8, ¶ 5; see Docket No. 48-4 at 5, ¶ 3 ("Representations and Warranties of the Investor").

Wingerter alleges that Gerber's promise to indemnify him is triggered by her "claims against Wingerter (and BodySelect)" in this action, "including specifically her claims for fraud and civil theft" because they "rely on alleged concealment and misrepresentations that she contends induced her to lend money to BodySelect." Docket No. 31 at 23, ¶ 8. Wingerter's claim is based on Gerber now contending that Wingerter and BodySelect failed to provide her with certain information before she invested her money. See Docket No. 31 at 23, ¶ 8. That contention, claims Wingerter, constitutes a violation of "her representations and warranties in the subscription agreements and constitutes an admission that such representations and warranties were false." Docket No. 31 at 24, ¶ 9. Wingerter alleges that he "has suffered and continues to suffer loss and damage, in amounts and type to be proven at trial, as a

result of Gerber's inaccurate and false representations and warranties."  Docket No. 31 at 25, ¶ 17.

## II.  STANDARD OF REVIEW

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's Complaint alone is legally sufficient to state a claim for which relief may be granted."  *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations omitted).  In doing so, the Court, as noted above, "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff."  *Alvarado*, 493 F.3d at 1215 (quotation marks and citation omitted).  At the same time, however, a court need not accept conclusory allegations.  *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002).

Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (omission marks, internal quotation marks, and citation omitted).  The "plausibility" standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible.  *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008).

However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct.

1937, 1950 (2009) (internal quotation marks and alteration marks omitted).  Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  *Bryson*, 534 F.3d at 1286 (quotation marks and citation omitted).

Moreover, pursuant to Federal Rule of Civil Procedure 12(d), "[i]f, on a motion under Rule 12(b)(6) . . ., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  However, where, as here, a document is referenced in and central to a complaint, a court need not convert the motion but may consider that document on a motion to dismiss.  *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

## III.  DISCUSSION

Nowhere in Wingerter's counterclaim[1] is it alleged how any breach by Gerber has caused harm to Wingerter and thereby triggered the obligations of the indemnity clause.  Nor are there any factual allegations that would support an inference of harm to Wingerter "due to or arising out of a breach of any representation or warranty [Gerber] .

---

[1]BodySelect and Wingerter each raise the same claim, and Gerber requests that the Court dismiss both for the same reasons.  Consequently, for purposes of clarity, the following discussion will refer only to Wingerter's counterclaim, but applies equally to BodySelect's claim.

The Court notes that the August 22 promissory note and subscription agreement relate to an entity called Sculpting Specialists LLC.  It is not clear whether BodySelect is the same entity.  Neither party raises the issue, and Wingerter signed the August 22 subscription agreement as a manager of Sculpting Specialists.  *See* Docket No. 48-3 at 8, ¶ 5 ("I hereby agree to indemnify and hold harmless the Company and . . . its managers . . . .").

. . made in th[e subscription] Agreement[s]."  Docket No. 48-3 at 8.  Rather, Wingerter

claims that, because Gerber now admits that she breached warranties underlying the

subscription agreement, she must indemnify him for potential losses arising out of her

claims based on *his* alleged misconduct.  Regardless of whether such an indemnity

provision would be enforceable, *see* Def.'s Reply [Docket No. 52] at 5 ("Wingerter's

claim violates the prohibition against agreements to indemnify a person for his or her

own intentional conduct"), the indemnity provision on its face does not apply to losses

suffered on account of Wingerter's own conduct.

The only harm Wingerter identifies as resulting from Gerber's conduct is that

"BodySelect would not have entered into the promissory notes and subscription

agreements if Gerber had not made the representations and warranties described

herein."  Docket No. 31 at 24, ¶ 10.  Wingerter does not, however, appear to be

requesting that the agreements be rescinded and, accordingly, that he be permitted to

return Gerber's investments.[2]

To the extent Wingerter's arguments constitute meritorious defenses to Gerber's

claims, there will be no need for any indemnity.  To the extent they are not, a factfinder

will have determined that Wingerter is liable as a consequence of his own conduct.  In

neither case is the indemnity provision implicated.  As for any attorney's fees Wingerter

expends in successfully defending against Gerber's claims, the indemnity provision

---

[2] *Cooper v. Peoples Bank and Trust Co.*, 725 P.2d 78, 80 (Colo. App. 1986)
("Generally, on the breach of a contract, the party not at fault may disaffirm the contract,
rescind, and recover the money paid.  Alternatively, the party not at fault may affirm the
contract and sue for specific performance or for damages.  A plaintiff is, therefore,
required to make an election between a claim for rescission and one based on either
specific performance or damages.") (citations omitted).

refers to losses arising out of Gerber's "breach of any representation or warranty [she had] made in th[e] Agreement."  Wingerter has not identified any provision of the agreement whereby Gerber warranted not to raise claims against him arising out of Wingerter's own conduct.

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendant Alison H. Gerber's motion to dismiss a counterclaim by plaintiff Donald B. Wingerter, Jr. [Docket No. 35] and motion to dismiss a counterclaim by third-party defendant BodySelect LLC [Docket No. 38] are GRANTED. It is further

**ORDERED** that the Wingerter and BodySelect claims seeking indemnity [Docket Nos. 31, 34] are dismissed with prejudice.

DATED July 26, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge