IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 09-cv-02000-PAB-MEH

DONALD B. WINGERTER, JR., an individual, and
GREENHORN RANCH LLC, a Colorado limited liability company,

    Plaintiffs,

v.

ALLISON H. GERBER,

    Defendant,

v.

BODYSELECT LLC, a Colorado limited liability company,

    Third-Party Defendant.

_____

**ORDER**
_____

This matter is before the Court on defendant's motion to dismiss claims for declaratory relief [Docket No. 8]. The motion is fully briefed and ripe for disposition.

**I. BACKGROUND**[1]

Plaintiff Donald B. Wingerter, Jr., is the only member of plaintiff Greenhorn Ranch LLC ("Greenhorn Ranch"), is the chief executive officer and Manager of BodySelect LLC ("BodySelect"), and is a shareholder and the former chief executive officer of Sound Surgical Technologies LLC ("Sound Surgical"). Plaintiffs allege that, on

---

[1]For purposes of resolving defendant's motion, which she brings pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court has accepted the allegations in the complaint [Docket No. 1] as true. *See Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

August 22, 2007, defendant Allison H. Gerber agreed to lend $1 million to BodySelect pursuant to a promissory note and subscription agreement and charged 8.5% interest per year on the unpaid principal balance. Gerber had the right to convert any unpaid balance into membership shares in BodySelect. The promissory note came due on August 21, 2009. Pursuant to an April 10, 2008 promissory note, Gerber loaned BodySelect an additional $250,000.00 under the same terms as the August 22 note. The April 10 note came due on April 10, 2010.

On September 25, 2008, Wingerter personally guaranteed BodySelect's debts to Gerber and pledged Sound Surgical common and preferred stock as security for his guarantee. Moreover, Greenhorn Ranch also guaranteed BodySelect's debts to Gerber, secured by a Deed of Trust to real property owned by Greenhorn Ranch. Plaintiffs, however, contend that no consideration supported these promises to Gerber.

BodySelect was not in a position to pay on the August 22 note when it came due. Plaintiffs filed the present declaratory judgment action on August 21, 2009 [Docket No. 1]. The complaint seeks declarations by the Court that the plaintiffs' guarantees are unenforceable because of a lack of consideration. Gerber filed her answer, counterclaims, and third party complaint on September 24, 2009 [Docket No. 7], bringing counterclaims against Wingerter and Greenhorn Ranch and third party claims against BodySelect. Gerber alleges that Wingerter defrauded her into loaning BodySelect the $1.25 million and that he guaranteed the debts only after Gerber's counsel threatened to file a lawsuit. Gerber contends that, because plaintiffs guaranteed the debts to BodySelect, she held off on filing that suit. She also claims that, in exchange for the guarantees, she gave up her right to convert the debts into

equity in BodySelect.

Gerber has asserted six claims for relief: (1) fraud (against Wingerter and BodySelect); (2) civil theft (against Wingerter and BodySelect); (3) breach of contract (against BodySelect); (4) breach of contract (against Wingerter and Greenhorn Ranch); (5) promissory estoppel (against Wingerter and Greenhorn Ranch); and (6) alter ego (against Greenhorn Ranch). Gerber's fourth claim is based on her contention that, contrary to plaintiffs' declaratory judgment complaint, the guarantees were supported by consideration. Her fifth claim relies on promissory estoppel as the basis for enforcing the guarantees.[2]

## II. DISCUSSION

On the same day she filed her claims for relief, Gerber filed the present motion to dismiss plaintiff's declaratory judgment claims [Docket No. 8]. The Court's jurisdiction over this matter is premised on diversity of citizenship pursuant to 28 U.S.C. § 1332 and the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201. The DJA provides, in pertinent part, that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. . . ." 28 U.S.C. § 2201. The parties do not

---

[2]On January 7, 2010, Wingerter filed what he called a "crossclaim" – though it is actually a counterclaim in response to Gerber's counterclaims – against Gerber. The counterclaim relies upon indemnity clauses found in the August 22 and April 10 subscription agreements [Docket No. 31]. On January 12, 2010, BodySelect filed a similar counterclaim against Gerber [Docket No. 34]. Gerber has filed motions to dismiss these claims [Docket Nos. 35, 38]. The Court granted Gerber's motions on July 26, 2010 [Docket No. 71].

dispute that this is "a case of actual controversy within [the Court's] jurisdiction."

Defendant, however, points out that this Court "is not obliged to entertain every justiciable declaratory claim brought before it." *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 982 (10th Cir. 1994). "The Supreme Court has long made clear that the Declaratory Judgment Act 'gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so.'" *Id.* at 982-83 (quoting *Public Affairs Assoc., Inc. v. Rickover*, 369 U.S. 111, 112 (1962), and citing *Brillhart v. Excess Inc. Co.*, 316 U.S. 491, 494 (1942)). The Tenth Circuit has identified certain factors a court should consider when determining whether to exercise jurisdiction over a declaratory judgment claim:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata*"; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*Mhoon*, 31 F.3d at 983 (quotation marks and citation omitted).

As an initial matter, the Court notes that these factors arise largely out of consideration of whether exercising jurisdiction in the declaratory judgment action will interfere with or be less efficacious than resolution of the issues in a parallel proceeding. For instance, in *Brillhart*, the Supreme Court explained that

> [o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

4

*Brillhart*, 316 U.S. at 495; *see United States v. City of Las Cruces*, 289 F.3d 1170, 1179-80 (10th Cir. 2002) (noting that, pursuant to the Declaratory Judgment Act, a district court has "'unique and substantial discretion' in determining whether to declare the right of litigants when duplicative state proceedings exist") (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)); *Arkansas River Power Auth. v. City of Raton, New Mexico*, No. 08-cv-00073-JLK, 2008 WL 681471, at *1 (D. Colo. Mar. 7, 2008) (parallel action in federal court).

Here, however, there are no, nor the apparent prospect of any, concurrent proceedings. This is not a case where defendant requests that the Court *not* exercise its "competence to make a declaration of rights." *Rickover*, 369 U.S. at 112. To the contrary, defendant has brought counterclaims in this Court. In such circumstances, and applying the *Mhoon* factors below, the Court concludes that it will exercise jurisdiction over the declaratory judgment claims and, accordingly, deny defendant's motion.

The first two *Mhoon* "factors primarily examine the identity of the parties and issues in the concurrent proceedings, and examine whether there is a degree of similarity." *Board of County Commissioners of County of Boulder v. Rocky Mountain Christian Church*, 481 F. Supp. 2d 1181, 1187 (D. Colo. 2007) (citing *Las Cruces*, 289 F.3d at 1183); *see Kunkel v. Continental Cas. Co.*, 866 F.2d 1269, 1276 (10th Cir. 1989) ("A federal court generally should not entertain a declaratory judgment action over which it has jurisdiction if the same fact-dependent issues are likely to be decided in another pending proceeding."). Here, as noted, there are no concurrent proceedings

5

or the prospect of any. Defendant does not contend there is, or request that there be, resolution of issues in another forum or at another time or that there are additional parties in interest unrepresented here. *See Bell Helicopter Textron, Inc. v. Heliqwest Intern., Ltd.*, 385 F.3d 1291, 1299 (10th Cir. 2004) ("Although Bell Helicopter is a party to the Canadian action, HeliQwest is not, having been dismissed. Not being parties to the Utah action, none of Bell Helicopter's adversaries in the Canadian litigation would be bound by a decision of the Utah court. The district court was therefore correct in observing that any declaratory judgment rendered in this litigation would not settle the controversy.") (citations omitted). Therefore, even if the "declaratory action represents only a single battle in a larger war," *Rocky Mountain Christian Church*, 481 F. Supp. 2d at 1188, this is the one and only forum in which any party is requesting that it be waged. And, in regard to the second *Mhoon* factor, defendant shares plaintiff's desire to have the Court clarify the legal issue at the heart of the declaratory judgment claims and defendant's fourth and fifth counterclaims.

The first two considerations "remain, however, only factors in the analysis; they are not determinative." *Las Cruces*, 289 F.3d at 1183. Gerber contends that "[m]ost significant here is the third prudential factor – whether the declaratory remedy is being used for 'procedural fencing.'" Docket No. 8 at 5, ¶ 9. The third factor, however, is not significantly implicated here. Defendant has not persuasively identified any procedural advantage reaped by plaintiffs from their filing first in this Court. The concern regarding the potential impact of *res judicata* when there are concurrent proceedings is not applicable here. Similarly, because there is but the one action before this Court, the

6

fourth factor is irrelevant to this case. *See Bell Helicopter*, 385 F.3d at 1299 n.3 ("The fourth factor involves cases with concurrent state and federal proceedings.").

That leaves the fifth factor, i.e., "whether there is an alternative remedy which is better or more effective." Again, defendant's desire to have her counterclaims fully resolved in this forum and through the present litigation renders this factor largely irrelevant. Any arguments that the declaratory judgment claims will result in an ineffective remedy are not lost by litigating that claim as part of an action including defendant's counterclaims. *Cf. Rocky Mountain Christian Church*, 481 F. Supp. 2d at 1188 (determining that concurrent litigation "offers several advantages over this [declaratory judgment] litigation" insofar as "[i]t aggregates all of the various" claims and arguments and "will offer a conclusive adjudication of the parties' dispute"); *Federal Ins. Co. v. Sprint Corp.*, 293 F. Supp. 2d 1245, 1248 (D. Kan. 2003) (declining to exercise jurisdiction over a declaratory judgment action in part because "[a]ll necessary parties are or can be joined . . . and all claims can be adjudicated" in the concurrent state court proceedings).

In reality, instead of requesting that the Court not clarify the parties' rights, defendant simply argues that the case will be more efficiently managed and will be more comprehensible to a jury if she were the plaintiff. Defendant identifies no evidence that plaintiffs' conduct has been dilatory due to their status as the initial filers of this case. Moreover, Gerber *is* a plaintiff, albeit a counterclaim plaintiff. She points to no reason why she is unable to effectively prosecute her causes of action simply because they are counterclaims. As for her arguments regarding the order of evidence at trial, the Court can entertain any requests relating to the most effective and fair

7

presentation of evidence at trial if and when such a trial is imminent.

## III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendant's motion to dismiss claims for declaratory relief [Docket No. 8] is DENIED.

DATED September 17, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge