IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02000-PAB-MEH

DONALD B. WINGERTER, JR., and
GREENHORN RANCH LLC,

    Plaintiffs,

v.

ALLISON H. GERBER,

    Defendant and Third Party Plaintiff,

v.

BODYSELECT LLC,

    Third Party Defendant.

## ORDER ON MOTION FOR SANCTIONS

**Michael E. Hegarty, United States Magistrate Judge**.

Defendant Gerber has filed a Motion for Discovery Sanctions [filed November 4, 2010; docket #113]. The matter is briefed, and I believe oral argument will not assist in deciding the motion. For the reasons that follow, the motion is **granted in part and denied in part**.

**I.    Background**

The Court has set forth the facts of this case in several previous orders (including the December 29, 2010 order issued contemporaneously with this order) and, therefore, need not repeat them here. The present dispute involves Gerber's contention that Plaintiffs/Third-Party Defendant failed to disclose a witness, Ali Sharif-Emami, and certain documents until several months after the discovery cutoff and just before the witness and exhibit lists were due to be filed with the proposed pretrial order. Gerber argues that she is surprised and unfairly prejudiced by these late disclosures,

which are unjustified and prejudicial to her case. Pursuant to Fed. R. Civ. P. 37(c)(1), Gerber requests sanctions in the form of excluding the witness and documents at trial, striking certain affirmative defenses raised by Plaintiffs/Third Party Defendant, and taking as established certain facts. Plaintiffs/Third-Party Defendant counter that they did not have the information or documents in their possession, custody, or control until the day before the witness and documents were disclosed to Gerber and, thus, the delay is substantially justified. Moreover, Plaintiffs/Third-Party Defendant argue that any prejudice to Gerber can be cured, since the trial is not scheduled to take place until October 2011.

## II.      Legal Standard

Rule 26(a)(1) provides in pertinent part that a party must disclose to other parties "the name and, if known, the address and telephone number of each individual likely to have discoverable information - along with the subjects of that information - that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i).[1] Moreover, a party has a duty to supplement these disclosures upon learning that they are incomplete or incorrect, and if the additional or corrective information has not been otherwise made known to the other parties during the discovery process or in writing. Fed. R. Civ. P. 26(e)(1).

Rule 37(c)(1) of the Federal Rules of Civil Procedure provides in pertinent part:

*Failure to Disclose or Supplement*. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1).

---

[1] Rule 26(a)(1)(A)(i) in effect at the time the motion was filed is identical to the rule in effect at the time of this order.

While Rule 37(c)(1) is written in mandatory terms (*see Cook v. Rockwell*, 233 F.R.D. 598, 600 (D. Colo. 2005)), it also vests the court with broad discretion to impose other sanctions in addition to or in lieu of an order striking witnesses or evidence not properly disclosed when a Rule 26 violation has occurred. *See Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 992-93 (10th Cir. 1999); *see also Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002). In construing Rule 37(c)(1), "[a] district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose. Nevertheless, the following factors should guide its discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Woodworker's Supply*, 170 F.3d at 993.

Here, the Court finds that the failure by the Plaintiffs/Third Party Defendant to disclose Ali Sharif-Emami and certain documents prior to the discovery cutoff is a Rule 26 violation. *See Four Corners Nephrology Assocs., P.C. v. Mercy Med. Ctr. of Durango*, 05-cv-02084-PSF-CBS, 2007 WL 1613352, *1 (D. Colo. June 1, 2007) (unpublished). The Plaintiffs/Third Party Defendant argue that Gerber had notice of Mr. Sharif-Emami and his involvement with BodySelect's business plan during discovery through their discovery responses. If true, then certainly Plaintiffs/Third Party Defendants had the same knowledge and were obligated to disclose any information or documents used to support their claims or defenses or to respond fully to propounded discovery requests for information concerning, and a copy of, the business plan that was in the possession and control of Sharif-Emami, BodySelect's former Chief Operating Officer.

For purposes of Rule 37(c)(1), a party's failure to disclose is substantially justified where the non-moving party has a reasonable basis in law and fact, and where there exists a genuine dispute

3

concerning compliance. *Nguyen v. IBP, Inc.,* 162 F.R.D. 675, 680 (D. Kan. 1995). Here, Plaintiffs/Third Party Defendant's delay in disclosing Mr. Sharif-Emami two-and-a half months after the discovery cutoff is not substantially justified. Plaintiffs make no argument concerning substantial justification and cannot argue there exists a dispute concerning compliance, since the Plaintiffs disclosed the witness and documents as soon as Plaintiffs' counsel became aware of them.

However, the Court finds that Plaintiffs/Third Party Defendant's delay is harmless. *See Nguyen,* 162 F.R.D. at 680 ("Failure to comply with the mandate of the Rule is harmless when there is no prejudice to the party entitled to the disclosure."). Any prejudice to Gerber in being unable to seek information concerning the new witness and documents may be cured by re-opening discovery in this case. Trial will not be disrupted as it is not scheduled to occur until October 3, 2011, and a trial preparation conference is set before Judge Brimmer on September 16, 2011, more than eight months from now. Docket #111. And, while Plaintiffs/Third Party Defendant may have been untimely in their failure to disclose the new information before the discovery cutoff, the Court perceives no bad faith or willfulness on their part.

Gerber argues that, had she known of the existence of the business plan and other documents during discovery, she would have propounded discovery requests concerning the documents, deposed Sharif-Emami, Ahmie Baum, Wingerter, Kregstein and Hjelmsted, and supplied the business plan to her expert for an opinion. Docket #142 at 6-7. Depending upon the information learned during discovery, Gerber asserts that she may need to amend her pleadings and supplement her briefing on the dispositive motions. *Id.*

The discovery period shall be re-opened in this case concerning only the newly disclosed witness, Ali Sharif-Emami, and documents labeled BSL000748 to BSL000820 as follows:

1. Gerber may propound to Plaintiffs/Third Party Defendant a total of five

>   interrogatories, five requests for production of documents and five requests for admissions;

2. Gerber may depose Sharif-Emami and Baum for a total of 7 hours each;[2]

3. Gerber may re-depose Wingerter, Kregstein and Hjelsted for a total of 2 hours each;

4. The cutoff for this limited discovery is February 28, 2011; and

5. The parties may file supplemental briefs to their dispositive motions on or before March 15, 2011.

In addition, the Court will hold a supplemental Final Pretrial Conference on **May 18, 2011, at 9:45 a.m.** in Courtroom A501 on the fifth floor of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado.

The parties shall submit their proposed supplemental pretrial order, pursuant to District of Colorado Electronic Case Filing ("ECF") Procedures V.L. **no later than five (5) business days** prior to the pretrial conference. The proposed supplemental pretrial order to be submitted to the Magistrate Judge under the ECF Procedures <u>must</u> be submitted in a useable format (i.e., WordPerfect or Word only) and shall be emailed to the Magistrate Judge at *Hegarty_Chambers@cod.uscourts.gov*.

Attorneys and/or pro se parties not participating in ECF shall submit their proposed supplemental pretrial order on paper to the Clerk's Office. However, if any party in this case is participating in ECF, it is the responsibility of that party to submit the proposed pretrial order pursuant to the District of Colorado ECF Procedures.

The parties shall prepare the proposed supplemental pretrial order in accordance with the form which may be downloaded in richtext format from the forms section of the court's website at

---

[2] The Court assumes from the briefing that neither Sharif-Emami nor Baum have been deposed in this case.

www.co.uscourts.gov. Instructions for downloading in richtext format are posted in the forms section of the website.

All out-of-state counsel shall comply with D.C. Colo. LCivR 83.3C prior to the supplemental pretrial conference.

Gerber contends that she should not be saddled with the expenses of additional discovery as a result of the delay caused by Plaintiffs/Third Party Defendant. The Court agrees and finds in its discretion that the alternative sanction imposing costs and reasonable attorney's fees pursuant to Rule 37(c)(1)(A) is appropriate to some extent here. Gerber may file a motion for attorney's fees and costs associated with engaging in additional discovery, such as propounding discovery requests and deposing the witnesses listed above **on or before March 31, 2011**, and Plaintiffs may respond to the motion within fourteen (14) days after the motion is served. The Court will not award costs and attorney's fees associated with strategic actions taken by Gerber, such as supplementing her expert opinion or her dispositive motion.

Accordingly, based upon the record herein and for the reasons stated above, it is hereby ORDERED that Defendant's Motion for Discovery Sanctions [filed November 4, 2010; docket #113] is **granted in part and denied in part** as set forth herein.

SO ORDERED.

Dated this 29th day of December, 2010, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge