IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 09-cv-02000-PAB-MEH

ALLISON H. GERBER,

    Plaintiff,

v.

DONALD B. WINGERTER, JR., an individual,
GREENHORN RANCH LLC, a Colorado limited liability company, and
BODYSELECT LLC, a Colorado limited liability company,

    Defendants.
_____

**ORDER**
_____

    This matter is before the Court on the motion for summary judgment [Docket No. 85] filed by defendants Donald B. Wingerter, Jr., and BodySelect LLC.  Defendants seek summary judgment on plaintiff Allison H. Gerber's claim of fraud.

    The Court has already determined that Gerber is entitled to judgment on her breach of contract claims against defendants Wingerter, Greenhorn Ranch, and BodySelect, jointly and severally, in the amount of $1,389,101.24 plus $685.03 per day from August 22, 2010 until the date of final judgment, and $294,301.11 plus $145.13 per day from April 10, 2010 until the date of final judgment.  See Docket No. 165.  Gerber seeks precisely the same recovery on her claim of fraud.  See Docket No. 112 (Final Pretrial Order) at 7, ¶ 3.  In other words, Gerber asserts her fraud claim as an alternative basis for recovery of damages to which the Court has already determined she is entitled.  Therefore, the Court will not reach the merits of defendants' motion for

summary judgment as there is no reason to reach Gerber's fraud claim. *See Lyon v. Reames Foods, Inc.*, 1992 WL 101649, at *1 n.1 (D. Kan. April 16, 1992) ("Because the court finds that there was a contract and that it was breached, it need not address Mr. Lyon's alternative theories of recovery against the corporate defendant or his claims for relief against Mr. Reames individually, which were brought in the alternative.") (citing pretrial order); *see also Brookridge Funding Corp. v. Northwestern Human Services Inc.*, 2007 WL 1834175, at *5 n.6 (D. Conn. June 26, 2007) ("Since the Court finds NHS liable to Brookridge on the basis of the Acknowledgment, the Court need not address Brookridge's alternative theories of recovery."); *Advanced TeleMedia, L.L.C. v. Charter Communications, Inc.*, 2006 WL 3422669, at *10 (N.D. Ga. Nov. 27, 2006) ("Because this court has granted summary judgment in favor of ATM on the breach of contract claim, the court need not address the alternative theories of recovery. ATM has made clear to this court that any contract damages will make ATM whole."); *Milford Paintball, LLC v. Wompus Milford Associates, LLC*, 2010 WL 5573757, at *4 n.2 (Conn. Super. Dec. 15, 2010) ("Because this court has found that judgment may enter in favor of the plaintiff on its breach of contract claim, it need not reach the plaintiff's fraud and restitution claims since they are pleaded as alternative theories of recovery.").

For the foregoing reasons, it is

**ORDERED** that plaintiff Allison H. Gerber's fraud claim against defendants Wingerter and BodySelect is dismissed. It is further

**ORDERED** that defendants' motion for summary judgment [Docket No. 85] and motion to supplement the motion for summary judgment [Docket No. 115] are denied as moot.

DATED March 29, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge
